TEXTO COMPLETO DE LA RESOLUCION
I
Atendida la Moción de Reconsideración presentada por el Gobierno Municipal Autónomo de Ponce y en oposición de la Junta de Planificación presentado el 31 de octubre de 1997, se modifica nuestra Resolución del 11 de septiembre de 1997 a tenor y según se dispone a continuación.
El Gobierno Municipal Autónomo de Ponce, en lo sucesivo Municipio, presentó una moción de reconsideración ante la Resolución emitida el día 11 de septiembre de 1997 por este Tribunal en el caso de autos, mediante la cual se confirmó la Resolución del 20 de febrero de 1997 de la Junta de Planificación, en lo sucesivo Junta, por considerar que la Oficina de Permisos del Municipio carece de jurisdicción para atender la solicitud de variación de cabida presentada por Robles Asphalt Corp. ante dicha oficina. En dicha moción, el Municipio alegó que la Junta carece de jurisdicción apelativa sobre las decisiones emitidas por la Oficina de Permisos del Municipio y que infringió la cláusula del debido proceso de ley y lo dispuesto en las secciones 3.1 a 3.18 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sees. 2151-2168. También, sostiene que los hechos del caso de autos no sostienen que la Junta tenga la capacidad para anular la decisión emitida por la Oficina de Permisos del Municipio, ya que no se trata de una de las variaciones cuya autorización le es reservada a la Junta por la Ley de Municipios Autónomos, 21 L.P.R.A. sees. 4001 et. seq.
El 15 de octubre de 1997, mediante Resolución, este Tribunal le ordenó a la Junta que se expresara en cuanto a la Moción de Reconsideración presentada por el Municipio en el término de diez (10) días contados a partir de su notificación. El 31 de octubre de 1997, la Junta presentó una moción en cumplimiento de orden en la cual expuso que, de acuerdo a lo establecido en la Ley de Municipios Autónomos, supra, tenía jurisdicción para anular la solicitud de variación de cabida presentada por Robles Asphalt Corporation ante el Municipio, ya que bajo la jerarquía III, la cual le fue delegada al Municipio mediante el Convenio de Delegación de Competencias de la Junta de Planificación y la Administración de Reglamentos y Permisos por el Gobierno Central del Estado Libre Asociado de Puerto Rico al Municipio de Ponce suscrito por la Junta y el Municipio, este último no puede evaluar más de cincuenta (50) predios provenientes de una finca de mayor cabida. Además, sostiene que la ley, el convenio ni la reglamentación aprobada conceden al Municipio la facultad para viabilizar el uso de terrenos mediante variación.
II
No hay duda que la recurrente en una solicitud de revisión administrativa no puede traer ante la consideración del tribunal cuestiones que no fueron traídas ante el foro administrativo, ya que ello *792 violentaría las doctrinas de jurisdicción primaria, de agotamiento de remedios administrativos y el principio de que nuestro sistema legal es uno rogado. D. Fernández, Derecho Administrativo, Colombia, ed. Forum, 1993, pág. 551. "No obstante, es legítimo que se le permita sua sponte plantearse si existe o no jurisdicción toda vez que satisfacer ese requisito fundamental determina si la actuación tiene virtualidad legal." D. Fernández, ibid. Véase, también, E.L.A. v. Aguayo, 80 D.P.R. 552, 559 (1958) y Rodríguez v. Registrador, 75 D.P.R. 712, 717 (1953).
El Municipio sostiene que la Junta no tiene jurisdicción apelativa y que, por lo tanto, erró al revocar la Resolución emitida por la Oficina de Permisos del Municipio. No le asiste la razón.
La Ley de Municipios Autónomos en su artículo 13.012, 21 L.P.R.A. see. 4610, establece que en todos los casos en que al Municipio se le hayan transferido las jerarquías de la III a la V, como es el caso del Municipio de Ponce, todas las solicitudes de autorización o permiso serán radicadas ante la Oficina de Permisos del Municipio. El Municipio deberá, entonces, tramitar el expediente a la agencia correspondiente. Además, establece el Artículo 13.016, 21 L.P.R.A. sec. 4614, que:

"[e]l municipio no tendrá facultad para tomar decisión o acción alguna sobre los casos cuya facultad de evaluación se haya mantenido en las agencias públicas, aunque el caso haya sido radicado en un municipio. Si el municipio toma alguna decisión o acción en dichos casos la Junta de Planificación, mediante resolución fundamentada, podrá anular la misma, en cuyo caso el municipio podrá recurrir al Tribunal Superior a impugnar la misma teniendo el peso de demostrar que el asunto está enmarcado dentro de sus facultades conforme al convenio y ala ley.

Estas acciones, dentro del marco legal del estatuto aplicable, se harán de acuerdo a las disposiciones de las sees. 21011 et seq. del Título 3, conocidas como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico."

De lo anteriormente expuesto se desprende que si bien es cierto que la Ley de Municipios Autónomos, supra, no da a la Junta la facultad apelativa para revisar las decisiones de la Oficina de Permisos del Municipio, ésta puede anular las mismas cuando se trate de una facultad retenida por la Junta. Sin embargo, a tenor con lo dispuesto en el Convenio de Delegación de Competencias, esto tiene que ser hecho de acuerdo con lo dispuesto en la Ley de Procedimiento Administrativo Uniforme, supra. Además, la agencia, según lo dispuesto en el Artículo 13.012 de dicha Ley, supra, deberá solicitar comentarios al Municipio cuando proceda a evaluar la solicitud. En el caso ante nos, no cabe duda de que estamos ante una cuestión cuya jurisdicción corresponde a la Junta. Por lo tanto, concluimos que la Junta actuó correctamente al anular la Resolución emitida por la Oficina de Permisos del Municipio para lo cual debió pedir comentarios al Municipio y actuar en cumplimiento a lo dispuesto en la Ley de Procedimiento Administrativo Uniforme, supra. No obstante, las partes se han expresado extensamente ante este Foro sobre las cuestiones de hechos y el derecho referentes al caso de autos, por lo que devolverlo para cumplir con el trámite antes expuesto sería un acto fútil e innecesario. Ante estas circunstancias, damos por cumplido con el debido proceso de ley, máxime cuando estamos ante una controversia sobre una cuestión estrictamente de derecho.
Por último, alega el Municipio que la variación de cabida solicitada en el caso no está incluida entre las reservadas a la Junta en la Jerarquía. Las partes, en efecto, dan dos interpretaciones diferentes en cuanto a lo contenido bajo el concepto "variación de uso" o "variación de intensidad en construcción o uso". Lo señalado al respecto por la Junta, en cuanto a lo dispuesto en el Reglamento sobre los Planes de Ordenamiento Municipal y la Transferencia y Administración de Facultades, ciertamente, no ayuda para resolver en qué consiste este tipo de variación. Ahora, tampoco nos persuade el hecho de que en este caso la variación propuesta no sea una "variación de intensidad de construcción" bajo el fundamento sostenido por el Municipio de que dicha solicitud no se trata de una solicitud de autorización para la construcción de un estructura sino de una urbanización. Véase Moción de Reconsideración, pág. 12.
No hay duda de que la Jerarquía V no incluye variaciones que no sean las de uso o variaciones en la intensidad construcción o uso. No obstante, entendemos que no es necesario abundar en ello ya que consideramos que a tenor con lo dispuesto en la Jerarquía III, inciso (2), [3] de la Ley de Municipios Autónomos, supra, según fuera transferida en el Convenio de Delegación de Competencias, la Junta *793 retuvo facultad para considerar la solicitud del caso de autos.
III
Conforme a lo anteriormente expresado se modifica la Resolución emitida por este Foro el 11 de septiembre de 1997 de acuerdo a lo antes dispuesto y en consecuencia se ordena al Municipio Autónomo de Ponce que remita el expediente del caso a la Junta de Planificación a tenor con lo dispuesto en la Ley de Municipios Autónomos, supra
El Juez Aponte Jiménez concurre con el resultado. Así lo pronunció el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 27
1. La Robles Asphalt presentó ante la Oficina de Permisos del Municipio una solicitud para la radicación de proyectos de urbanización con el propósito de formar sesentiocho (68) solares residenciales en la Carretera Estatal P.R. 14, Km. 7.9, en el Barrio Cotto Laurel en Ponce con cabidas entre los 1,500 hasta 2,758.13 metros cuadrados cada uno.
2. "Variación de construcción o de instalación de rótulos y anuncios" significará toda autorización que se conceda para la construcción de una estructura o parte de ésta, o ala instalación de rótulos o anuncios, que no satisfaga los Reglamentos y Planos de Ordenación establecidos, pero que debido a la condición del solar, la ubicación especial o el uso particular, confronte una dificultad práctica y amerite una consideración especial, garantizándole que no exista perjuicio a las propiedades vecinas. La variación no podrá afectar las características propias de un distrito y no podrá tener el efecto de convertir un distrito en otro". 21 L.P.R.A. see. 4601.
3. La jerarquía III, inciso (2) incluye:

"[ajutorizaciones de desarrollo preliminares, de urbanización, y autorización de planos de inscripción, todos éstos en suelo urbano o urbanizable: urbanización de hasta cincuenta (50) solares, conformes con la reglamentación vigente. Artículo 13. 012 de la Ley de Municipios Autónomos." supra.

En el caso ante nos, Robles Asphalt Corp. presentó una solicitud para la radicación de proyectos de urbanización con el propósito de formar sesentiocho (68) solares residenciales. Según lo dispuesto en la jerarquía III, inciso (2), el Municipio no puede evaluar solicitudes de proyectos de urbanización que excedan los cincuenta (50) solares. En atención a ello, concluimos que en el caso de marras, la Junta retuvo la jurisdicción para considerar la antes mencionada solicitud.